WILLIAM ADAMS, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Memorandum — copy of — when admissible.*

The plaintiff in error was tried and convicted of an assault with intent to kill. Upon the trial, a police surgeon testified that when the complainant was brought to the station-house, he made a statement to him as to the persons who had assaulted him; that the statement was written down upon a slate; that he thought names were mentioned in it, but could not remember what they were. A sergeant was then called, who testified that the slate was handed to him by the surgeon; that he copied it into the station-house blotter, and then rubbed out what was on the slate. *Held,* that the statement contained in the blotter was properly received in evidence, as the original memorandum had been erased from the slate and destroyed.

WRIT of error to the Court of Oyer and Terminer of the city and county of New York, to review the conviction of the plaintiff in error of an assault with intent to kill.

*William F. Howe,* for the plaintiff in error. The evidence of the witness, as to the entry made upon the blotter, was improperly admitted. (*Huff* v. *Bennett,* 6 N. Y., 337; *Young* v. *Cattell,* 6 Duer, 441; *Butler* v. *Benson,* 1 Barb., 527; *Halsey* v. *Sinsebaugh,* 15 N. Y., 485; *Russell* v. *Hudson R. R. Co.,* 17 id., 134; *Grey* v. *Mead,* 22 id., 462; *Lewis* v. *Ingersoll,* 1 Keyes, 347, 357, 358; *McCormick* v. *Pennsylvania R. R. Co.,* 49 N. Y.; *Meacham* v. *Pell,* 5 Barb., 65, 67; *Brown* v. *Jones,* 46 id., 400, 410, 411; *Wood* v. *De Figaniere,* 25 How., 522; *Gelston* v. *Hoyt,* 1 Johns. Ch., 534; *Thursman* v. *Mosher,* 3 N. Y. S. C. [Thompson & Cook], 583.) The evidence of the witness, as to the eyesight of the complainant, was improperly admitted. (*Morehouse* v. *Matthews,* 2 N. Y. [2 Comstock], 514; *Maynard* v. *Beardsley,* 7 Wend., 560; *Lamoure* v. *Caryl,* 4 Denio, 370; *Dewitt* v. *Barley,* 9 N. Y. [5 Seld.], 371; Roscoe's Criminal Evidence, 134; *Woodin* v. *People,* 1 Park. Cr., 464.)

*Benjamin K. Phelps,* for the defendants in error.

DAVIS, P. J. :

The plaintiff in error was indicted for, and tried and convicted of an assault with a deadly weapon with intent to kill.

Two exceptions only were taken upon the trial. The complainant positively identified the plaintiff in error as one of the persons who committed the assault. His counsel attempted to impair or destroy the force of the identification by showing that, on the night of the assault, the complainant made a statement implicating other persons. He called the police surgeon who examined the complainant's injuries, and showed by him that the complainant made a statement, and that he wrote on a slate whatever the complainant said; and that he could not be positive as to the names, whether they were Robinson, Brown or anybody else, but thought names were given. In reply to this, the prosecution called the sergeant of police who was at the station on the night the complainant was brought there, who testified that he copied from the slate into the blotter of the station-house, the statement written upon it by the doctor, and then rubbed out what was on the slate. That the doctor gave the slate to him, but he did not see the doctor write it. The district attorney offered to show what the statement was that was copied by the witness from the slate. This was objected to, but no ground of objection was stated. The court ruled that, the memorandum having been erased from the slate and destroyed, it was proper to show what took place by showing what the memorandum was; and that the proof offered was the best evidence the nature of the case admitted of. The counsel for the plaintiff in error excepted. The witness then testified that the entry in the blotter was what he copied from the slate. That the statement was, that the complainant had a "suspicion that Crumb, Crow and Roberts had been trying to drive him out of the Manhattan market, and he believes Crumb, who lives opposite to where he is stopping, had induced it to be done. They had thrown things at him in the market."

There was no error in admitting this testimony. The doctor swore that he wrote on the slate precisely what the complainant stated; that he thought names were mentioned, but he could not recall them, nor repeat the statement as written. The statement had been rubbed off the slate. Of course, the production of the

slate would not have helped the doctor to testify any more clearly, but, if some one else, before the entry was erased, had read and copied, and could swear what the statement written by the doctor really was, there would be no objection to proving it by that person. The blotter was not introduced as proof of what was on the slate. It was only identified by the witness as containing what he copied; but the statement written on the slate, and which the doctor swore he correctly made, was proved by the testimony of the sergeant, and not by the blotter. The authorities cited by the counsel for the plaintiff, do not seem to us to be in conflict with the rulings of the court.

The other exception was to the refusal of the court to strike out the testimony of one Berrian, on the subject of complainant's eyesight. Berrian testified that he had known the complainant fourteen years, and been on intimate relations with him, and worked in the same store with him. That he considered his eyesight very good. That he could distinguish a person across the room; that he wore glasses to read fine print. The counsel for plaintiff in error moved to strike the testimony out as incompetent, to which the court said: "I cannot do that, because it is in answer to your glass theory." The counsel excepted. The prisoner had given evidence tending to show that complainant was near sighted, and sometimes wore glasses. It was certainly not incompetent to show for what he wore glasses, nor that he could distinguish persons across the room; and if the expression of the witness that he considered the eyesight of the complainant very good, was objectionable as being an opinion that ground was not taken, nor did the motion point to that part of the testimony as being incompetent. If the court had been asked to strike out that portion on the ground now urged, the motion would probably have been granted; but as counsel asked for too much, error cannot be alleged for not granting the motion.

We think the judgment should be affirmed.

Present — Davis, P. J., Daniels and Brady, JJ.

Judgment affirmed.